# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**JAMON L. WOODSON**,

    Petitioner,

v.                                             **Civil Action No. 1:12-CV-16**
                                                 **Criminal Action No. 1:10-CR-77**
                                                 **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of the United States Magistrate Judge James E. Seibert. By Local Rule, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on July 17, 2012 [Crim. Doc. 47; Civ. Doc. 16]. In the R&R, the magistrate judge recommended the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Crim. Doc. 30; Civ. Doc. 1] be denied and dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636 (b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Service was accepted on July 19, 2012 [Crim. Doc. 48; Civ. Doc. 17], and petitioner timely filed his objections on August 3, 2012 [Crim. Doc. 49; Civ. Doc. 18]. Although the petitioner's objections were not docketed until August 3, 2012, the petitioner indicates that he placed his objections in the prison mailing system on July 26, 2012 [Crim. Doc. 29 at 8]. As such, this Court will construe the petitioner's objections as timely. See ***Houston v. Lack***, 487 U.S. 266, 276 (1988)(finding that a document is considered filed with the court by a *pro se* prisoner when that prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk"). Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* review. The remaining portions of the R&R will be reviewed for clear error.

## II. Factual and Procedural History

On September 13, 2010, petitioner was charged in a one-count information with conspiracy to distribute more than five hundred grams of cocaine and a quantity of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). On September 15, 2010, the District Court entered an Order [Crim. Doc. 4] referring the matter to the magistrate judge to consider the Information, the record, and the proposed plea agreement, and then to

conduct a hearing and enter into the record a written order memorializing the disposition of the petitioner's guilty plea. Accordingly, on September 28, 2010, petitioner appeared before Magistrate Judge John S. Kaull for entry of his plea agreement [Crim. Doc. 11]. Petitioner voluntarily waived his right to have an Article III judge hear and accept his plea and voluntarily consented to the magistrate judge hearing and accepting his plea. After receiving petitioner's signed waivers for an Article III judge and for an indictment by a Grand Jury, Magistrate Judge Kaull conducted a Rule 11 colloquy. The magistrate judge advised the petitioner of the nature of the charges made in the Information, and inquired whether the petitioner had read and reviewed the Information with counsel. Petitioner waived the reading of the Information.

The magistrate judge then summarized the petitioner's rights to proceed by a Grand Jury indictment, after which, the petitioner stated that he understood that he had a right to proceed by indictment by a Grand Jury, and that by waiving this right, the United States could proceed to charge him with the Information just as though he had been indicted. Petitioner entered a guilty plea, and on September 28, 2010, Magistrate Judge Kaull entered an order/opinion [Crim. Doc. 13] accepting petitioner's plea of guilty to the one-count Information and recommending that he be adjudged guilty on the charge. The District Court accepted Magistrate Judge Kaull's recommendation on September 30, 2010 and adjudged him guilty of the crime charged [Crim. Doc. 14].

On January 7, 2011, petitioner had a sentencing hearing before the District Court [Crim. Doc. 24]. Petitioner's subsequent motion for a variance was denied, and he was sentenced to 87 months imprisonment, four years of supervised release, and a $100 special assessment fee [Crim. Doc. 28].

On January 20, 2012, the petitioner filed the pending Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Crim. Doc. 30; Civ. Doc. 1]. On January 23, 2012, the Court entered a Notice of Deficient Pleading [Crim. Doc. 32; Civ. Doc. 3.], and on February 16, 2012, the petitioner filed a Court-Approved Form re Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Crim. Doc. 34; Civ. Doc. 5]. On February 21, 2012, Magistrate Judge Seibert ordered respondent to show cause why petitioner's writ should not be granted. After receiving an extension of time to file a response [Crim. Doc. 37; Civ. Doc. 12], the respondent filed its Response to the § 2255 Motion [Crim. Doc. 40; Civ. Doc. 11] on April 20, 2012. Petitioner also received an extension of time to file his reply to the respondent's response on April 2, 2012 [Crim. Doc. 43; Civ. Doc. 13] and then filed his reply to the Government's opposition to his § 2255 Motion on July 7, 2012 [Crim. Doc. 45; Civ. Doc. 15]. The magistrate judge entered his R&R [Crim. Doc. 47; Civ. Doc. 16] on July 17, 2012. The petitioner timely filed his objections to the R&R [Crim. Doc. 49; Civ. Doc. 18] on August 3, 2012. The petitioner also filed a Motion for Request for Admissions [Crim. Doc. 51; Civ. Doc. 19] on August 20, 2012. The Court transferred the above-styled action to the docket of the undersigned on May 20, 2013 [Crim. Doc. 53; Civ. Doc. 20].

### III. Applicable Law

### A. Petitioner's Burden of Proof

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such a sentence, the sentence exceeded the maximum authorized by law, or the sentence otherwise is subject

to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence. **Sutton v. United States**, 2006 WL 36859, *2 (E.D.Va. Jan. 4. 2006).

### B. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in **Strickland v. Washington**, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. **Fields v. Att'y Gen. of Maryland**, 965 F.2d 1290, 1297 (4th Cir.), *cert. denied*, 506 U.S. 885 (1992).

### IV. Petitioner's Objections

### A. Guilty Plea

The petitioner's first objection claims that the first claim addressed in the R&R is not

substantially the same as the first claim in the § 2255 Motion. The petitioner continues by reiterating with minor alterations the initial claim from the § 2255 Motion. Upon review, it is evident that the magistrate judge did not misinterpret the petitioner's claim. The issue of this first objection is whether the Government had the authority to proceed with the plea agreement without there being an indictment. Rule 7 of the Federal Rules of Criminal Procedure states that

> (b) An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant–in open court and after being advised of the nature of the charge and of the defendant's rights–waives prosecution by indictment.

Fed. R. Crim. P. 7(b).

Here, there is no doubt this is an offense punishable by imprisonment for more than one year; the petitioner received a sentence well beyond that threshold. Further, there are several instances in which the petitioner was advised as Rule 7 so requires, and in which petitioner demonstrated that he understood and was complicit with the way in which his case proceeded. For example, testimony from the plea hearing indicates that petitioner understood that he was voluntarily giving up his right to the Grand Jury process. He asserted that he understood that by proceeding with the one count Information, he was "essentially agreeing to the United States Attorney's Office directly finding that charge against [him] without going through the constitutionally provided Grand Jury process." Thus, he expressed that he consented "to them filing the charge directly against [him]." [Civ. Doc. 11-1 at 21]. The plea agreement that the petitioner signed additionally demonstrates that the petitioner was aware that he waived his right to have his case presented to a Grand Jury and pled guilty to Count One of the Information [Crim. Doc. 11].

The petitioner also asserts in his first objection that he was coerced into the plea agreement and the resulting ruling and sentence. However, as indicated by several documents, such as the transcript from the plea hearing [Civ. Doc. 11-1], the Order Following Change of Plea [Crim. Doc. 14], and the Court transcript from the petitioner's sentencing [Crim. Doc. 24], petitioner was fully aware of the procedures occurring around him and could have spoken up at any point at which he felt coerced or confused. Accordingly, the petitioner's Objection on this issue is **OVERRULED**.

### B. Adversarial Test

The petitioner's second objection claims that his counsel failed to attempt to put the Government's case to the adversarial test. In his objection, petitioner cites several cases that involve claims of ineffective assistance of counsel, and contends that these cases, in mentioning that the Sixth Amendment right to effective counsel extends to the plea-bargaining process, support that petitioner's counsel was ineffective in having petitioner sign the waivers that he did. However, these four cases are not similar enough to the petitioner's case to provide any support for his argument. The recurring similarity of the four mentioned cases, on the other hand, is their use of the ***Strickland*** two-part test, which is applicable here. Under the test, to demonstrate ineffective assistance of counsel, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Strickland v. Washington***, 466 U.S. 668, 688 (1984). If a defendant shows no prejudice from the alleged ineffectiveness of counsel,

courts need not address counsel's performance.  *Fields v. Att'y Gen. of Md*, 956 F.2d 1290, 1297 (4th Cir.), *cert. denied*, 506 U.S. 885 (1992).

Here, the petitioner's objection in no way demonstrates that, but for the ineffective assistance of counsel, the petitioner would have demanded his case proceed differently and, had the case done so, that he would have received a more favorable outcome.  The petitioner simply makes broad statements about the "prejudicial" nature of the waivers he signed, which were addressed in the Magistrate Judge's R&R.  The documents from this case clearly show that the petitioner was aware of the nature of the rights he was waiving and the way in which his case would proceed upon waiving those rights.

Furthermore, the petitioner validly waived his right to challenge these alleged pre-plea deficiencies because he has not shown that they have caused him to enter an involuntary or unknowing plea.  This Court concurs with Magistrate Judge Seibert's conclusion that the plea agreement itself [Crim. Doc. 11] stated that the petitioner was waiving his right to file a collateral attack via a § 2255 motion [Crim. Doc. 47; Civ. Doc. 16].  During the plea hearing, the Government summarized the plea agreement and stated on the record that it was signed, indicating that petitioner had read, understood, and agreed to each of the paragraphs. [Crim. Doc. 11-1 at 6-12].  The magistrate judge confirmed that this was the same agreement the petitioner had reached with the United States' Attorney's office. [*Id.* at 13.]  The Court then ensured that the petitioner understood the nature and terms of the plea agreement by asking "[d]id you completely understand all of the terms and provisions in that plea agreement before you put your signature to it on the 8th of July?" to which the petitioner responded that he did. [*Id.* at 30].  The magistrate judge

further asked him a series of questions to make sure that the petitioner understood other aspects of the plea agreement. [*Id.* at 31-34]. The magistrate judge also asked if entering into this agreement was his "own free and voluntary decision" and the petitioner responded that it was. [*Id.* at 44]. Magistrate Judge Kaull found that the petitioner knowingly and voluntarily entered into the plea agreement and that he understood the rights he was giving up by pleading guilty. It follows that the petitioner knowingly and intelligently waived his appeal and collateral attack rights. Moreover, all of the petitioner's claims arose prior to sentencing. *See* **United States v. Attar**, 38 F.3d 727, 731-32 (4th Cir. 1994). Thus, this objection is barred by the valid waiver contained in the plea agreement. Accordingly, the petitioner's Objection on this issue is **OVERRULED**.

### C. Factual Basis

The petitioner's third objection reasserts that Magistrate Judge Kaull erred in finding a factual basis for the petitioner's entry of a guilty plea. The petitioner claims that the alleged conspiracy and the petitioner's role in that conspiracy was speculative and not proven "beyond a reasonable doubt." This is not the standard that must be met to allow the court to proceed with entering a judgment upon a plea of guilty. "Rule 11(f) of the Federal Rules of Civil Procedure proves that '[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such a plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.' The court need not satisfy itself that a jury would find the defendant guilty, or even that defendant is guilty by a preponderance of the evidence. The district court must 'assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision

9

under which he is pleading guilty.'" **United States v. Carr**, 271 F.3d 172, 179 (4th Cir. 2001)(quoting **United States v. Maher**, 108 F.3d 1513, 1524 (2nd Cir. 1997)).  The court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all the elements of the offense." **United States v. Mitchell**, 104 F.3d (4th Cir. 1997).  This is to "protect[ ] a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." **United States v. Mastrapa**, 509 F.3d 649, 652 (4th Cir. 2007).

Here, to establish a factual basis, the Government elicited the testimony of Officer Jason Ammons, who testified that the petitioner conspired with three others to distribute illegal substances and that the petitioner had been the supplier in April 2008. [Crim. Doc. 11-1].  Magistrate Judge Kaull asked the petitioner at the plea hearing if he had any dispute about Officer Ammons's testimony regarding the petitioner's alleged involvement, and petitioner's counsel, while reserving the right to bring up some issues at sentencing, responded that the testimony was acceptable [Crim. Doc. 11-1].  Furthermore, in Magistrate Judge Kaull's Order/Opinion [Crim. Doc. 13], he found that, based on these facts, every essential element of the conspiracy charge had been met.

The petitioner argues that the testimony at the plea heading did not establish a factual basis for his guilty plea, particularly because the drugs were seized outside the Northern District of West Virginia [Crim. Doc. 49; Civ. Doc. 18 at 4-5].  However, the location of the drugs at the time that they were seized does not negate the agreement to distribute the drugs in the Northern District of West Virginia.  See **Carvajal v. Artus**, 2009

WL 62177, *4 (S.D.N.Y. Jan. 9, 2009). Furthermore, the petitioner stated at the plea hearing that, after discussing the evidence in the case with his attorney, he reached the independent conclusion that the Government would be able to prove its case and the elements of the conspiracy charge against him [Civ. Doc. 11-1 at 26]. Accordingly, Magistrate Judge Kaull did not commit error by finding that a factual basis existed for the acceptance of the petitioner's guilty plea, and Magistrate Judge Seibert was correct in finding that Magistrate Judge Kaull correctly found a factual basis for the petitioner's guilty plea.

The petitioner also contends that he wanted his attorney to object during Officer Ammons's testimony but his attorney assured him it was better not to; thus, when the factual basis was accepted by the attorney, it was done without the petitioner's consent [Crim. Doc. 49; Civ. Doc. 18 at 5]. However, the plea hearing order memorializes what was said, understood, and accepted prior to and at that point. It is not reflected anywhere in the record that the petitioner had any issue with the way in which the case was proceeding. In fact, the petitioner's attorney stated that the defendant did not dispute Officer Ammons's testimony only after conferring with the petitioner [Civ. Doc. 11-1 at 52]. Moreover, the petitioner raised no objection to his attorney's statement at the plea hearing [See *id.* generally]. Further, the petitioner does not demonstrate that the outcome of this case would have been different if counsel had objected to Officer Ammons's testimony as petitioner alleged he desired. Thus, this unsubstantiated claim is not sufficient to establish that the petitioner did not knowingly and voluntarily consent to the proceedings nor that he received ineffective assistance of counsel. Accordingly, the petitioner's Objection on this issue is **OVERRULED**.

### D. Evidentiary Hearing

The petitioner's final objection regards his entitlement to an evidentiary hearing. He utilizes **Magini** as the rule entitling him to the hearing and then reasserts the substance of his preceding objections. See **United States v. Magini**, 973 F.2d 261, 264 (4th Cir. 1992)(stating that a federal court "must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle [him] to relief"). This Court concludes that the petitioner has not demonstrated enough to entitle him to the evidentiary hearing. 28 U.S.C. § 2255 provides in pertinent part that

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

But, if it is clear from the pleadings, files, and records that the movant is entitled to no relief, a hearing is not necessary. **Raines v. United States**, 423 F.2d 526, 529 (4th Cir. 1970). Although the petitioner was correct to cite **Magini**, it is clear that he is entitled to no relief for the reasons detailed in Sections IV. A, B, and C of this Order. Therefore, his request for an evidentiary hearing will be denied. Accordingly, the petitioner's Objection on this issue is **OVERRULED**.

### V. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation **[Crim. Doc. 47; Civ. Doc. 16]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in Magistrate Judge Seibert's Report and Recommendation. Further, the petitioner's objections **[Crim. Doc. 49; Civ. Doc. 18]** are **OVERRULED**. Accordingly, the petitioner's

Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 **[Crim. Docs. 30, 34; Civ. Docs. 1, 5]** is **DENIED** and **DISMISSED**.

In addition, this Court hereby **DENIES AS MOOT** the petitioner's Motion for Request for Admissions Pursuant to F.R.Civ.P. 36 **[Crim. Doc. 51; Civ. Doc. 19]**.

Therefore, this case is hereby **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** May 29, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE